IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MELHULSE REYNOLDS,** | ) | |
| | ) | 1:20-cv-03086 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GREEN DOT CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MELHULSE REYNOLDS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, GREEN DOT CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act, (hereinafter, "EFTA") 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MELHULSE REYNOLDS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had a prepaid card with Defendant, a Go Bank card.

7. At all relevant times, Plaintiff's Go Bank card was an asset account (hereinafter, "Plaintiff's Go Bank Account").

8. At all relevant times, Plaintiff's Go Bank Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. GREEN DOT CORPORATION, (hereinafter, "Defendant") is a financial organization that provides financial services of consumers within the State of Illinois. Defendant is registered as a federal savings bank in the State of Illinois.

10. At all relevant times, Defendant was a financial organization responsible for holding funds in an account belonging to Plaintiff.

11. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

12. At all relevant times, Defendant held Plaintiff's Go Bank Account.

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14. At all relevant times the electronic transfers of funds from Plaintiff's Go Bank Account constituted an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

### IV. ALLEGATIONS

15. Prior to February 3, 2017, Plaintiff held a Go Bank Prepaid Card.

16. Just prior to February 13, 2020, Plaintiff received a transfer of funds from his employer into his Go Bank Account.

17. Prior to his dispute as more detailed below, the balance in Plaintiff's Go Bank account was $1,767.31.

18. On February 2013, while at a CVS store on Randolph Street and Columbus Dr. Plaintiff received a notification that his card was being used at a location other than where he was at the time.

19. In addition, while at said CVS store, Plaintiff's own transaction attempt using his Go Bank card was declined.

20. Plaintiff then and there contacted Defendant and spoke with a duly authorized representative of Defendant.

21. Plaintiff, then and there during a telephone call with Defendant, on February 13, 2020 informed Defendant that his account was being used without his authorization.

22. In his communication with Defendant, Plaintiff identified each and every transaction which was not authorized and performed through the use of fraud.

23. Plaintiff disputed to Defendant the aforesaid transfers from his Go Bank Account.

24. Defendant received from Plaintiff sufficient information to identify Plaintiff by name and identify by number Plaintiff's Go Bank Account.

25. The aforesaid unauthorized electronic transfers of funds were all "errors" as that term is defined by 15 U.S.C. §1693f(f)(1).

26. The total amount of money transferred fraudulently and without Plaintiff's authorization is $1,856.74.

27. After all of the transactions that were disputed had been transferred from Plaintiff's account, there remained a balance of negative (-$13.01).

28. On March 2, 2020., Defendant sent correspondence to Plaintiff in which it stated: "We have concluded our investigation of your dispute referenced above. Based on our review, we

are unable to grant your claim because based on our review of relevant information, including transaction and account activity, no error was found."

29. Defendant's March 2, 2020 correspondence also provided that if Plaintiff wished to receive a copy of the supporting document used to make the determination, he may make a written request.

30. Plaintiff promptly responded to Defendant's communication of March 2, 2020 by mailing a letter directly to the address provided by Defendant requesting that he be provided the supporting documentation.

31. On April 1, 2020, Defendant responded to Plaintiff's request and sent an email to Plaintiff in which it stated that the supporting documentation was enclosed.

32. Defendant enclosed forty-six (46) pages of documents.

33. The first page of the documents sent by Defendant to Plaintiff contained information relative to Plaintiff's personal identification information, a list of cards that had been issued on the account since January 1, 2017, and balance information before and after Plaintiff's dispute.

34. The remaining forty-five (45) pages were a list of transactions and electronic transfers performed on the account dating back to January 2019.

35. Pursuant to 15 U.S.C. § 1693f(a)(3), upon notice of a dispute from a consumer, a financial institution is under an obligation to investigate the nature of the dispute and report back to the consumer the results of the investigation within ten (10) business days.

36. Alternatively, if within ten (10) business days of receiving written notification of Plaintiff's dispute, Defendant provisionally recredited Plaintiff's account with the funds relative to the amount alleged to be in dispute, then Defendant would have had forty-five (45) days to

complete its investigation into Plaintiff's dispute and to report or mail the results of such an investigation and determination to Plaintiff.

37. In response to a dispute from Plaintiff, Defendant failed to conduct an investigation in compliance with 15 U.S.C. § 1693f(a)(3) and failed to mail the results of the investigation to Plaintiff within ten (10) business days.

38. Defendant did not provisionally recredit Plaintiff's account while it was undertaking its investigation into Plaintiff's dispute

39. As a result, Plaintiff was not only without the use of his funds for a prolonged period of time, but he was also without the information as to whether he was getting his money returned to him.

40. Pursuant to 15 U.S.C. § 1693f(d), if a financial institution determines after conducting an investigation that an error did not occur, it must, upon receipt of a request from the consumer, promptly deliver to the consumer reproductions of all documents with the financial institution relied on to conclude that such error did not occur.

41. Defendant received a written request from Plaintiff for the documents upon which Defendant relied during its investigation.

42. Defendant provided documents to Plaintiff.

43. Upon information and belief, to date, Defendant has not conducted an investigation relative to the dispute submitted to Defendant by Plaintiff.

44. Nothing in the documents provided by Defendant leads to a reasonable conclusion that the transactions disputed by Plaintiff were authorized.

45. Presently, Plaintiff remains without the $1,856.74 stolen from Plaintiff's Go Bank Account without Plaintiff's knowledge or authorization.

46. Defendant's conduct, as delineated above, is in violation of 15 U.S.C. §1693f(a).

47. Defendant's conduct, as delineated above, is in violation of 15 U.S.C. §1693f(e)(1).

48. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish, emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, MELHULSE REYNOLDS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

49. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**MELHULSE REYNOLDS**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: May 23, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com